# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| THELMA JANE HOWE | : |
|             DEBTOR(S) | : BANKRUPTCY NO. 09-10183 SR |
| | |
| THELMA JANE HOWE, AND DONALD J. HOWE | : |
|             PLAINTIFF(S) | : |
| VS. | : |
| CREDITORS INTERCHANGE RECEIVABLES | : |
|   MANAGEMENT, LLC, AND | : |
| BANK OF AMERICA, N.A. | : |
|             DEFENDANT(S) | : ADVS. NO. 09-0010 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

      Before the Court are two matters: Plaintiffs' Motion for Permission to Amend Complaint and Bank of America's Motion to Dismiss. Both of the motions are opposed. After a hearing held on April 2, 2009, the Court took the matters under advisement.

*Procedural Background*

    The Plaintiffs filed a Complaint against Bank of America, N.A., (BOA) and Creditor Interchange Receivables Management, Inc. (CIRM) The Complaint seeks the avoidability of a preferential transfer[1] and damages for violations of federal and state consumer protections laws. CIRM filed an Answer to the Complaint and BOA filed a

---

[1] 11 U.S.C. § 547(b)

Motion to Dismiss.  In response, the Plaintiffs filed a Motion for Permission to Amend their Complaint.  Because the Motion to Dismiss may be rendered moot, in part or in whole, by the disposition of the motion to amend, the latter motion will be taken up first.

*The Proposed Amendment
and the Applicable Rule*

The proposed changes amend the complaint in two ways, one factual and the other legal.  The factual change pertains to the preference claim: they would restate the immediate source of the alleged preferential transfer.  Formerly, the payment was alleged to have been made by the Debtor's husband to the collection agent (CIRM).  The amendment now states that the husband transferred the funds to the entireties entity (the Debtor and her husband) who then transferred the money to the collection agent.  *See* ¶¶ 8 and 15 This appears to have been done to establish standing for the Plaintiffs to press the underlying preference claim.

The other change is solely legal.  Paragraph 20 is new and alleges that BOA is vicariously liable for CIRM's violation of the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.*

*Applicable Rule
of Procedure*

Amendment of pleadings is governed by Fed. R.Bankr.P. 7015, which incorporates Fed.R.Civ.P. 15.  The rule provides, in pertinent part:

> (a) **Amendments Before Trial**.
> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course:

2

> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> (2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent *or the court's leave*. The court *should freely give leave when justice so requires.*

Fed.R.Civ.P. 15(a)(1),(2) (2007) (emphasis added). The Supreme Court has made it clear that the application of this presumption is "a mandate to be heeded." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). It furthers the policy of trying cases on their merits. *Id.* It also avoids that possibility of the opposing party suffering prejudice or surprise. 6 Wright & Miller, *Federal Practice and Procedure*, Civil 2d § 1474. The precise delineation of when leave should be granted or denied is impossible; therefore, the determination is left to the sound discretion of the trial judge. *NAACP v. Harrison*, 907 F.2d 1408, 1417 (3d Cir.1990). This requires the Court to consider the positions of *both* parties and the effect that the request will have on them. Wright & Miller, *supra* at § 1487. For that reason, the court may deny a request to amend when the moving party has demonstrated undue delay, bad faith or dilatory motive or where the amendment would prejudice the opposing party. *See Foman, supra, id.*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002). Equally, an amendment will be denied where it is futile. *Id.*

*Futility*

BOA argues that the proposed amendments to Counts I and III are futile. An amendment is futile if it would not survive a motion to dismiss for failure to state a

claim upon which relief could be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997) (*citing Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir.1996)). In determining whether the amendment would be futile, the district court applies the same standard of legal sufficiency as under Fed.R.Civ.P. 12(b)(6). *See id.* A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *Maio v. Aetna, Inc.*, 221 F.3d 472, 481 (3rd Cir. 2000). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) *overruled on other grounds*, 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984)

*Preference Claim*

BOA argues that the preference claim is futile for two reasons: first, as a factual matter, the transfer sought to be avoided was voluntary; and second, as a legal matter, Chapter 13 debtors lack standing to raise preference claims. *See* BOA's Objection to Plaintiffs' Motion for Permission to Amend.

Because the standing argument raises a threshold, jurisdictional question, that issue should be taken up first. Subsection (b) of § 547 imbues the *trustee* with the right to avoid and recover a preferential transfer. *See* 11 U.S.C. § 547(b). There are circumstances, however, in which a debtor may avoid and recover a preferential transfer. Section 522 provides:

> The debtor may avoid a transfer of property of the debtor or recover a setoff *to the extent that the debtor could have exempted such property under subsection (g)(1)* of this section if the trustee had avoided such transfer, if--
>
> (1) such transfer is *avoidable* by the trustee *under section* 544, 545, *547*, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) the *trustee does not attempt to avoid such transfer*.

11 U.S.C. § 522(h) (emphasis added)  This section sets forth two preconditions to a debtor's independent right to seek avoidance of a preferential transfer: the property transferred must be exemptible under § 522(g)(1) and the trustee did not attempt to avoid the transfer.  In this case, the amendment alleges that the trustee "is unlikely to choose to prosecute" this claim.  Amended Complaint, ¶ 15.  For present purposes, this is sufficient, as the trustee to date has made no attempt to avoid the transfer, and as it would indeed be highly unusual for the Chapter 13 Trustee to do so.  That leaves subsection (g)(1) which provides:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if–
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property; ...

11 U.S.C. § 522(g)(1).  The amendment states that the property transferred was held

5

by the entireties (again, Plaintiffs are husband and wife) and it is their stated intention to exempt any recovered transfer to the extent allowed.  ¶ 15.  As to whether the transfer was voluntary, the amendment clearly allows the inference that the transfer was coerced.  *See* ¶¶ 6-8 (alleging that CIRM engaged in deceit by threatening to have the Debtor arrested unless payment was made).

In short, the Court finds that the amendment alleges the elements necessary for the Debtor and her husband to press a preference claim on their own behalf.[2]

*Vicarious Liability
and the FCEUA*

BOA's other assertion of futility pertains to the proposed changes to Count III.  Originally, that claim was directed solely at CIRM and was derivative of the claims raised in Count II.[3]  It was alleged therein that by violating the FDCPA (see Count II), CIRM thereby violated the FCEUA.  *See* ¶ 19.  It now adds BOA to that claim under the theory of vicariously liability: because it is responsible for the actions of CIRM, the Plaintiffs' theory goes, BOA is per se liable under the FCEUA.  *See* ¶ 20.  BOA disputes that premise relying on case law holding that vicariously liability is recognized neither under the federal FDCPA nor the Pennsylvania Uniform Trade Practice and Consumer Protection Law.  *See* 73 P.S. § 201-1

---

[2]The case law cited by BOA holds a debtor lacks *independent* standing to assert an avoidance claim.  That, however, is not what the Plaintiffs are arguing here: their standing as alleged meets the preconditions of debtor-initiated avoidance(trustee demurral, exemptibility, and involuntariness of the transfer).

[3]Count II alleges that CIRM has violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a *et seq.*

As far as the FDCPA is concerned, the Court concurs with BOA's view of the limited circumstances under which vicariously liability would lie. The statute's "provisions generally apply only to debt collectors." *See FTC v. Check Investors, Inc*, 502 F.3d 159, 171 (3d Cir.2007) *quoting Pollice v. National Tax Funding, LP*, 225 F.3d 379, 403 (3d Cir. 2000). "Creditors-as opposed to debt collectors-generally are not subject to the FDCPA." *Id.* A "debt collector" is broadly defined as one who attempts to collect debts "owed or due or asserted to be owed or due another" *FTC, supra, id.*, *quoting* 15 U.S.C. § 1692a(6). A "creditor" is one who "offers or extends to offer credit creating a debt or to whom a debt is owed." *Id., quoting* 15 U.S.C. § 1692a(4). There is no vicariously liability as between creditors and debt-collectors. *See Pollice, supra*, 225 F.3d at 404. Only an entity that itself falls within the FDCPA's definition of a "debt collector" may be found vicariously liable for unlawful collection activities carried out by another on its behalf. *Sankowski v. Citibank (South Dakota), N.A.*, 2006 WL 2037463 *2 (E.D.Pa.) Given that BOA is not described as anything other than a creditor (*see* ¶ 11) it would not be liable for violations of the FDCPA by CIRM.

Plaintiff's response is that the FCEUA provides for much broader liability on the creditor's part than does the FDCPA. T-10. As to support for that proposition, however, the Debtor's counsel offers none. BOA points out that the statute never mentions vicarious liability, but that is not surprising given that the doctrine comes out of the common law of agency. *Id.*[4]

---

[4] CIRM would weigh in with an explanation that the FCEAU provides for no remedy of its
(continued...)

The Court's own review of the FCEUA confirms that Plaintiffs are correct in one respect: Unlike the federal law, the FCEUA provides that a creditor—and not just a debt collector—may liable under that act.[5]  For a creditor, liability arises upon the commission of any of the independent, affirmative collection acts listed in the statute. *See* 73 P.S. § 2270.4(b).  This contrasts with the liability of a debt collector under the FCEUA.  A debt collector's liability is derivative: a violation of the FDCPA is a per se violation of the FCEUA.  *See* 73 P.S. § 2270.4(a).  So to that limited extent the Court would concur with the Plaintiffs that the state law expands the liability of the federal counterpart.

None of that, however, supports the legal premise upon which Plaintiffs rely to include BOA in Count III.  Proposed ¶ 20 maintains that "BOA is liable for the actions of CIRM on its behalf." *See* Amended Complaint.  In other words, the Plaintiffs' legal theory is that BOA is *vicariously* liable for CIRM's *derivative* violation of the statute.  This places BOA two steps removed from any independent, affirmative violation of either the state or federal collection law.  Given that (1) a creditor may be liable under the FCEUA only for specific acts enumerated in the statute, and that (2) the Amended Complaint describes BOA as a creditor *and nothing other than a creditor*, the amendment does not state an FCEUA claim against BOA.  Moreover, the FCEUA

---

[4](...continued)
own but relies on the Uniform Trade Practices and Consumer Protection Law for damages.  T-14.  The question of remedies, however, is not the issue before the Court.  Liability—specifically, whether the FCEUA allows for vicariously liability—is the question.

[5] "Creditor" liability under the FDCPA is extremely limited: it involves collecting debts while using the name of another.  *See* 15 U.S.C. § 1692a(6).

expressly excludes creditors from the definition of a debt collector so BOA's role cannot be conflated with that of CIRM. *See* 73 P.S. § 2270.3 As proposed, Count III does not allege any independent violation of the act on BOA's part. Nor is there any case law interpreting the relationship to give rise to vicarious liability. The analogous authority interpreting the FDCPA, *supra*, holds that any vicarious liability arises *intra* debt collectors. Accordingly, the amendments to Count III do not state a FCEUA claim against BOA for either direct or vicarious liability. For this reason, the proposed addition to Count III is futile and leave to amend in that respect will be denied.

*Summary*

The Motion for Permission to Amend will be granted in part and denied in part. Proposed Count I states a claim for the avoidance and recovery of a preferential transfer but Count III fails to state a claim against BOA under the FCEUA.

The effect of granting leave to amend the complaint to the limited extent set forth necessarily moots the pending motion to dismiss. *See Demeter v. Buskirk*, 2003 WL 22416045 *5 (E.D.Pa.) (concluding that granting leave to amend complaint mooted pending motion to dismiss).

An appropriate Order follows.

By the Court:

*[signature: Stephen Raslavich]*

Dated: <u>May 27, 2009</u>

Stephen Raslavich
Chief U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| THELMA JANE HOWE | : |
| DEBTOR(S) | : BANKRUPTCY NO. 09-10183 SR |
| | |
| THELMA JANE HOWE, AND DONALD J. HOWE | : |
| PLAINTIFF(S) | : |
| VS. | : |
| CREDITORS INTERCHANGE RECEIVABLES MANAGEMENT, LLC, AND | : |
| BANK OF AMERICA, N.A. | : |
| DEFENDANT(S) | : ADVS. NO. 09-0010 |

## ORDER

**AND NOW,** upon consideration of the Defendant Bank of America, N.A.'s Motion to Dismiss and the Plaintiffs' Motion for Permission to Amend Complaint, the responses thereto, the parties' briefs, after a hearing held on April 2, 2009, and for the reasons set forth in the foregoing Opinion, it is hereby

**ORDERED** that the Plaintiffs' Motion for Permission to Amend Complaint is granted in part and denied in part: Count I of the Complaint may be amended as proposed, but leave to amend Count III as proposed is denied as explained in the Opinion; and it is

The effect of this ruling renders moot Bank of America's Motion to Dismiss.

By the Court:

*Stephen Raslavich*

Dated: May 27, 2009

Stephen Raslavich
Chief U.S. Bankruptcy Judge

Counsel for Plaintiffs

David A. Scholl, Esquire
6 St. Albans Square
Newtown Square, PA 19073

Counsel for Bank of America, N.A.

William J. Becket, Esquire.
BECKET & LEE LP
16 General Warren Blvd
P.O. Box 3001
Malvern, PA 19355

Counsel for Creditors Interchange
Receivables Management, LLC

Andrew M. Schwartz, Esquire
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
1845 Walnut Street
Philadelphia, PA 19103

George Conway, Esquire
Office of the United States Trustee
833 Chestnut Street
Suite 500
Philadelphia PA 19106

Nancy Mulvehill, Courtroom Deputy to Judge Raslavich