# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| | : |
| THELMA JANE HOWE, | : |
| | : |
| DEBTOR. | : BANKRUPTCY NO. 09-10183 SR |
| | |
| THELMA JANE HOWE AND | : |
| DONALD J. HOWE, | : |
| | : |
| PLAINTIFFS, | : |
| VS. | : |
| | : |
| CREDITORS INTERCHANGE RECEIVABLE | : |
| MANAGEMENT, LLC, AND BANK OF AMERICA, N.A., | : |
| | : |
| DEFENDANTS. | : ADV. NO. 09-00010 |

# OPINION

BY: STEPHEN RASLAVICH, CHIEF UNITED STATES BANKRUPTCY JUDGE.

**Introduction**

Defendant, Bank of America, N.A. ("BofA"), moves to dismiss the Plaintiffs' complaint as to itself, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6),[1] for lack of subject matter jurisdiction and failure to state a claim, respectively. Plaintiffs move for permission to amend the complaint under Fed.R.Civ.P. 15(a).[2]

Plaintiffs' complaint alleges that defendant, Creditors Interchange Receivable

---

[1] Rule 12(b) of the Federal Rules of Civil Procedure is applicable hereto pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure.

[2] Rule 15(a) of the Federal Rules of Civil Procedure is applicable hereto pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure.

Management, LLC ("CIRM"), acting through and by its agent, engaged in a prohibited debt collection practice which resulted in defendant, Bank of America, N.A. ("BofA"), receiving a preferential transfer in the amount of $20,000. As currently framed, the complaint alleges that Debtor had her husband, Mr. Howe, withdraw $20,000 "from his pension account to make" a $20,000 payment to CIRM on her BofA bill.

Plaintiffs seek to avoid the transfer to BofA pursuant to 11 U.S.C. § 522(h) and recover the amount of the transfer from BofA pursuant to 11 U.S.C. § 522(g)(1). They also seek to recover damages, costs and attorneys' fees from CIRM for violating the Fair Debt Collection Practices Act (the "Federal Act"), 15 U.S.C. § 1692 et seq., and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. 2270 et seq. (the "State Act").[3]

The gist of BofA's motion to dismiss is that Plaintiffs failed to state a claim under 522(h) because the $20,000 transfer which they seek to avoid as a preferential transfer

---

[3] As will be discussed in the text more fully hereinafter, the State Act defines "unfair methods of competition and unfair or deceptive practices with regard to the collection of debts." 73 P.S. § 2270.4. The State Act does not provide an independent remedy for damages. However, a violation of the State Act constitutes a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law which allows a plaintiff to file a private action thereunder for damages and other relief. See 73 P.S. § 201-9.2 ("UTPCPL"); 73 P.S. § 2270.5(a) (providing that a violation of the State Act "shall constitute a violation of …. the Unfair Trade Practices and Consumer Protection Law."). See also Williams v. Empire Funding Corp., 227 F.R.D. 362, 366 n.2 (E.D. Pa. 2005); Piper v. Portnoff Law Associates, 216 F.R.D. 325, 327 n.6 (E.D. Pa. 2003). In a private action, a successful plaintiff is entitled to recover "actual damages or one hundred dollars ($100), whichever is greater." 73 P.S. §201-9.2(a). In addition, a court has the discretion to award "up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or property." Id. The court may also "award to the plaintiff, in addition to the other relief …. costs and reasonable attorney fees." Id.

under 11 U.S.C. § 547 was made from the Debtor's spouse's property and not from the Debtor's property. BofA also contends that Plaintiff's claim against it should be dismissed because a Chapter 13 debtor lacks standing to recover an alleged preferential transfer.

Plaintiffs move to amend their complaint to clarify that the $20,000 transfer to BofA was made from entireties property. Plaintiffs also seek permission to amend the Complaint to assert a claim against BofA under the rationale that BofA is liable for CIRM's violation of the State Act.

After the hearing on these motions, the Court took the matters under advisement. On consideration of the motions, the Court shall grant Plaintiffs' motion to amend in part and deny BofA's motion to dismiss.

**Background**

Plaintiffs are the debtor, Thelma Howe ("Debtor"), and her husband, Donald Howe. On November 21, 2008, a representative of CIRM contacted the Debtor by telephone regarding a debt in excess of $30,000 which she owed to BofA. *Complaint ¶ 6.* The representative allegedly informed the Debtor that he was in the presence of a deputy of the sheriff's office of Chester County. *Id. ¶7.* The alleged deputy then got on the telephone and advised the Debtor that he was "prepared to arrest her unless she made a payment of at least $20,000 on the BofA bill." *Id.* Believing what she was told, the Debtor convinced her husband to withdraw $20,000 from his pension account and make a payment in that amount to CIRM on her BofA bill. *Id.*

On January 9, 2009, Debtor filed a Chapter 13 bankruptcy case. Two days later,

on January 11, 2009, Plaintiffs commenced this adversary proceeding by filing their complaint. Thereafter, CIRM filed an answer to the complaint and BofA filed its motion to dismiss. Plaintiffs subsequently filed their motion to amend the complaint.

Notably, Debtor's second Amended Schedule B lists the Plaintiffs' claims against BofA and CIRM, valuing them at $25,000. *See Docket Entry #34.*[4] According to the Schedule, the claims are jointly owned. Also, Debtor's second Amended Schedule C lists the claims as exempt property based on Pennsylvania entireties law.[5] *See Docket Entry #35.*

## Analysis

### I. BofA's Motion to Dismiss for Failure to State a Claim

***Standard of Review***

When deciding a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the court may consider the allegations contained in the pleading, exhibits attached thereto and matters of public record. *Pension Benefit Guaranty Corporation v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court must accept the factual allegations in the pleading as true, *Erickson v. Pardus*, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007), and view all reasonable factual

---

[4] The Court takes judicial notice of the docket and documents filed in Debtor's bankruptcy case. Fed. R. Evid. 201; *see Maritime Electric Co., Inc. v. United Jersey Bank,* 959 F.2d 1194, 1200 n.3 (3d Cir. 1991).

[5] Debtor filed her second Amended Schedules B and C on April 3, 2009, which was one day after the hearing on BofA's motion to dismiss.

inferences in the light most favorable to the non-moving party, *Angelastro v. Purdential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  Nevertheless, "dismissal is warranted if the allegations"of a pleading "are not 'enough to raise a right to relief above the speculative level … on the assumption that all [of] the allegations in the [pleadings] are true (even if doubtful in fact).'" *Access Insurance Holdings, Inc. v. Lincoln General Insurance Company*, 2008 WL 859222, at *1 (E.D. Pa. March 28, 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted)).  However, even when a dismissal is warranted, the non-movant should generally be granted the opportunity to amend his or her pleading unless the amendment would be inequitable or futile.  *Williams-Murray v. Anthropologie, Inc.*, 290 Fed.Appx. 484, 487 (3d Cir. 2008); *Miller v. Dutil (In re Total Containment)*, 335 B.R. 589, 601 (Bankr. E.D. Pa. 2005).

**BofA's Argument**

BofA contends that Plaintiffs' complaint should be dismissed as to it because Plaintiffs failed to allege that Debtor had an interest in the $20,000 that her husband withdrew from his pension account to make the payment to CIRM on Debtor's BofA account.  However, Plaintiffs seek to amend their Complaint to allege that Mr. Howe transferred the $20,000 withdrawal from his pension to entireties property before the

5

Debtor utilized the funds to make a payment to CIRM on her BofA account. If this factual allegation is true, then debtor's interest in the entireties property is part of her bankruptcy estate. *See In re Brannon*, 476 F.3d 170, 174 (3d Cir. 2007) (explaining that the definition of property of the estate in 11 U.S.C. §541(a) is "broad enough to include an individual debtor's interest in property held as a tenant by the entirety."); *Schwab v. Birches III Property Owners Association, Inc. (In re Hefner)*, 262 B.R. 61, 67 (Bankr. M.D. Pa. 2001) ("Property held by a [d]ebtor as a tenant by the entirety is property of the estate."). Thus, Plaintiffs' amendment would cure the deficiency which BofA has raised. BofA's counsel conceded this point at the hearing on this matter. *See Transcript, dated April 2, 2009, ("Tr.")* at 4. Accordingly, Plaintiffs shall be granted leave to amend their complaint to allege that they owned the $20,000 as tenants by the entireties before it was paid to CIRM.

## II. Motion to Dismiss for Lack of Standing

BofA also contends that Chapter 13 debtors, such as the Debtor, lack standing to recover alleged preferential transfers. This argument, which is based solely on Plaintiffs' complaint, constitutes a facial attack on this Court's subject matter jurisdiction under Rule 12(b)(1). *See Stanziale v. Pepper Hamilton LLP (In re Student Finance Corporation)*, 335 B.R. 539, 545 (D. Del. 2005) (observing that a dismissal may be granted under Rule 12(b)(1) for lack of subject matter jurisdiction when a plaintiff lacks standing to bring his or her claim); *In re Saffold*, 373 B.R. 39, 43 (Bankr. N.D. Ohio 2007) (explaining that "[a] motion to dismiss for lack of standing questions whether the court has subject matter jurisdiction."). When reviewing a facial attack on a court's

subject matter jurisdiction, the allegations in the complaint are accepted as true. *Taliaferro v. Darby Township Zoning Board*, 458 F.3d 181, 188 (3d Cir. 2006); *Faylor v. Szupper*, 2009 WL 1034696, at *13 (W.D. Pa. April 15, 2009).

***BofA's argument***

BofA contends that the "weight of authority holds that a Chapter 13 debtor has no standing to recover an alleged preferential transfer." *See Bank of America, N.A., Motion to Dismiss Complaint for Failure to State a Claim Upon which Relief Can be Granted or in the Alternative, for Lack of Subject Matter Jurisdiction ("BofA's Motion")* at ¶ 17. *See also Tr.* at 4 (representation by BofA's counsel that there is a split of law on the issue of whether a Chapter 13 debtor has standing to recover a preference). BofA's contention is overly broad.

Ordinarily, it is the trustee and not the debtor in whom the power to avoid a preferential transfer is vested. *Hoffman v. Central Pennsylvania National Bank (In re Hoffman)*, 96 B.R. 46, 47 (Bankr. W.D. Pa. 1988). However, the Bankruptcy Code specifically authorizes a debtor, under certain circumstances, to avoid transfers of property and recover property "that but for the transfer" the debtor would have been able to exempt. *See Funches v. Household Finance Consumer Discount Company (In re Funches)*, 381 B.R. 471, 492 (Bankr. E.D. Pa. 2008) (observing that "Section 5222(h) provides the debtor with the ... power to use the trustee's transfer avoidance powers to recover property that my be exempted."); *Compton v. Compton (In re Compton)*, 1998 WL 372659, at *2-*5 (Bankr. E.D. Pa. 1998) (ruling that plaintiff had standing to prosecute an action to avoid a defendant's lien to the extent of her available exemption

in the property); *Hoffman v. Central Pennsylvania National Bank (In re Hoffman)*, 96 B.R. 46, 47 (Bankr. W.D. Pa. 1988).;*Taylor v. Industrial Valley Bank (In re Taylor)*, 8 B.R. 578 (Bankr. E.D. Pa. 1981)(holding that debtor, pursuant to §522(h) and 547(b), could avoid pre-petition transfer of $800.00 given to debt collector).

Pursuant to §522(h), a debtor "may avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if – (1) such transfer is avoidable by the trustee under section ....547....; and (2) the trustee does not attempt to avoid such transfer." 11 U.S.C. §522(h). When a debtor successfully avoids a transfer, he or she may also, pursuant to §522(i), recover the property which was the subject of the avoidance in the manner prescribed by §550 the same as if the trustee had avoided the transfer and may also exempt the property recovered under §522(b).

Since Plaintiffs are seeking to avoid the transfer to CIRM using their authority under §522(h) and BofA's argument that they failed to state a claim under that statutory provision will be cured by the Plaintiffs' amendment alleging that the $20,000 withdrawn from Mr. Howe's pension account was converted into entireties property before it was transferred to CIRM, there is no basis for concluding at this point in time, based on the limited arguments which BofA has made in its motion to dismiss,[6] that

---

[6] No determination is being made at this time whether the Debtor has satisfied the requirements for avoiding a transfer under §522(h) since, other than its argument that Debtor did not own the $20,000 transferred to CIRM, BofA has not raised the requirements in its motion as a basis for seeking to have the complaint dismissed. *See Norwest Bank Minnesota, N.A. v. Andrews (In re Andrews)*, 262 B.R. 299, 301-02
(continued...)

8

Plaintiffs lack standing to avoid the transfer to CIRM and recover the $20,000 from BofA.

### III. Plaintiffs' Motion to Amend Count III of Complaint to Assert that BofA Is Liable for CIRM's violation of the Pennsylvania FCEUA

***Standard for Granting Leave to Amend***

Under Rule 15(a), "a party may amend the party's pleadings ... by leave of court ... and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). A court may deny leave to amend a complaint when the amendment would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (2d Cir. 2000). *See also Pride Mobility Products Corp. v. Dylewski*, 2009 WL 1044608, at *3 (M.D Pa. April 17, 2009) (*quoting In re Burlington Coat Factory Sec. Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997) (additional citation omitted) ("An amendment is futile if 'the complaint, as amended would fail to state a claim upon which relief could be granted.'"). In assessing futility, the standard applicable to motions to dismiss under Rule 12(b)(6) is used. *Goldfish Shipping, S.A. v. HSH Nordbank, AG,* 2009 WL 883122, *3 (E.D. Pa. April 1, 2009).

***Plaintiff's Request to Amend Count III of the Complaint and BofA's Argument In opposition to the Request***

Plaintiffs seek to amend Count III of their Complaint to allege that CIRM violated

---

[6](...continued)
(Bankr. M.D. Pa. 2001) (listing requirements which debtor must satisfy under §522(h) in order to exercise the avoidance powers of §547).

the State Act by violating the Federal Act and that BofA should be held liable for CIRM's violation of the State Act.[7] BofA opposes the request, contending that the amendment should be denied because it would be futile. Based on the language of the State Act, BofA argues that a creditor can be held liable thereunder *only* if the creditor *itself* commits an unfair or deceptive debt collection act or practice in violation of the Act. BofA's Objection to Plaintiff's Motion for Permission to Amend Complaint at ¶7. Since Plaintiff's amendment to Count III does not allege that BofA violated the State Act, BofA contends that the amendment fails to state a claim against it.

Given that Plaintiffs' proposed claim against BofA relies upon the Federal Act and the State Act, an overview of these statutes will be helpful in analyzing the parties' arguments.

**Overview of the Federal Act**

Congress enacted the Federal Act "to prevent abuses against .... consumers by third party debt collectors who, unlike creditors, are unrestrained by the desire to protect their good will when collecting past due accounts." *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168 (3d Cir. 1988). *See also* 15 U.S.C. § 1692(e) (stating that the purpose of the Federal Act is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent

---

[7] As noted above, *see supra note 3*, a violation of the State Act entitles a plaintiff bring a private right of action for damages and other relief under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

State action to protect consumers against debt collection abuses."). Section 1692 of the Federal Act prohibits "debt collectors" from engaging in prohibited conduct. *See* 11 U.S.C. § 1692e. Except in certain specifically defined circumstances, creditors are not within the scope of the definition for debt collectors under the Federal Act and, therefore, cannot be held personally liable thereunder. *See* 15 U.S.C. § 1692a(4) & (6) (defining"creditor" and "debt collector" as those terms are used under the Federal Act); *see also Police v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000) ("Creditors – as opposed to "debt collectors" – are generally not subject to the [Federal Act]."); *Russell-Allgood v. Resurgent Capital Services, L.P.*, 515 F. Supp.2d 1307, 1310 (N.D. Ga. June 6, 2007) ("The Fair Debt Collection Practices Act definition of 'debt collector' generally excludes 'creditors.'").

In addition, courts have specifically held that an entity which does not meet the definition of "debt collector" cannot be held vicariously liable for unlawful collection actions taken on its behalf by an entity which is a "debt collector." See *Wadlington v. Credit Acceptance Corporation*, 76 F.3d 103, 108 (6th Cir. 1996) (refusing to hold company which was not a debt collector under the Federal Act vicariously liable for actions of its attorney who was a debt collector under the Act); *Poltrock v. NJ Automotive Accounts Management Co., Inc.*, 2008 WL 5416396, at *3 (D.N.J. Dec. 22, 2008) (noting that courts declined to extend liability under the Federal Act to creditors who place debts in collection with a collection agency); *Flamm v. Sarner & Associates, P.C.*, 2002 WL 31618443, at *4 (E.D. Pa. Nov. 6, 2002) ("[A] creditor that does not itself meet the definition of a 'debt collector' is not vicariously liable [under the Federal

Act]."). In *Wadlington*, the Sixth Circuit explained its rationale for this conclusion, stating:

> We do not think it would accord with the intent of Congress, as manifested in the terms of the [Federal Act], for a company that is *not* a debt to collector to be held vicariously liable for a collection suit filing that violated the Act only because the filing attorney is a "debt collector." Section 1692k imposes liability only on a "*debt collector* who fails to comply with [a] provision of this subchapter ..." 15 U.S.C. § 1692k (emphasis supplied). The plaintiffs would have us impose liability on non-debt collectors too. This we decline to do.

76 F.2d at 108. In *Sprague v. Neil*, 2007 WL 3085604 (M.D. Pa. Oct. 9, 2007), the District Court in the Middle District of Pennsylvania offered its rationale, declaring:

> Plaintiff claims that Citibank is responsible for the alleged illegal debt collection practices of the Burton Neil Defendants under an agency theory of respondeat superior. (Doc. 1 ¶¶ 9-11.) Federal courts have clearly established that a creditor is not vicariously liable for the actions of its debt collector. *See Pollice*, 225 F.3d at 404 (applying vicarious liability for debt collectors only); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir.1996) (rejecting vicarious liability for creditor); *Dahlhammer v. Citibank (South Dakota) N.A.*, No. 05-CV-1749, 2006 WL 3484352, at *7 (M.D.Pa.2006) (holding Citibank not vicariously liable for its debt collectors' actions because it is a creditor, not a debt collector). Because of the [Federal Act's] clear legislative purpose and its general application limited to debt collectors, common law principles of agency are inapplicable and may not be applied to impose liability on a creditor for actions of its debt collector.

*Id.* at *4.

Thus, BofA could not be held legally liable under the Federal Act for CIRM's alleged violation thereof. If CIRM violated the Federal Act through its interactions with

the Debtor, then only it and it alone can be held liable for its actions under the Federal Act.

***Overview of the State Act***

Unlike the Federal Act, the State Act focuses on unfair or deceptive collection practices by *both* debt collectors and creditors. *See Gigli v. Palisades Collection, L.L.C.*, 2008 WL 3853295, at *11 (M.D. Pa. Aug. 14, 2008) ("The [State Act] is Pennsylvania's analogue to the [Federal Act] and applies to both debt collectors and creditors."). The State Act establishes what are, in the Commonwealth of Pennsylvania, "unfair methods of competition and unfair or deceptive acts or practices with regard to the collection of debts." 73 P.S. § 2270.2.

Section 2270.4(a) of the State Act defines what constitutes "unfair or deceptive debt collection acts or practices" for *debt collectors*. This subsection is short and to the point. It provides, in its entirety:

> (a) By debt collectors. — It shall constitute an unfair or deceptive debt collection act or practice under this act if a debtor collector violates any of the provisions of the Fair Debt Collection Practices Act[.]

73 P.S. § 2270.4(a). This subsection is short because it relies on the detailed provisions of the Federal Act to define unfair or deceptive debt collection acts or practices for debt collectors.

The State Act has a separate subsection that is applicable to *creditors*. This subsection which is 73 P.S. § 2270.4(b), is elaborate and lengthy. It consists of six provisions, each of which contains numerous sub-provisions describing, in detail, what

13

constitutes "unfair or deceptive debt collection" acts or practices for creditors in

Pennsylvania.[8]  Since the Pennsylvania legislature has set forth such an explicit and

---

[8] For example, §2270.4(b)(1) of the State Act states:

>  (b) By creditors.--With respect to debt collection activities of creditors in this Commonwealth, it shall constitute an unfair or deceptive debt collection act or practice under this act if a creditor violates any of the following provisions:
>
>  (1) Any creditor communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall:
>
>  (i) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
>
>  (ii) not state that such consumer owes any debt;
>
>  (iii) not communicate with any such person more than once unless requested to do so by such person or unless the creditor reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
>
>  (iv) not communicate by postcard;
>
>  (v) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the communication relates to the collection of a debt; and
>
>  (vi) after the creditor knows the consumer is represented by an attorney with regard to the

(continued...)

detailed description of the conduct and behavior for which creditors are to be held liable under the State Act, one could conclude, in much the same manner as the courts have done with the Federal Act, that it would be inconsistent with the legislature's intent, as manifested by the terms of the State Act, to hold a creditor vicariously liable for a debt collector's violation of that Act.  One could reason that, had the legislature intended for creditors to be held vicariously liable for a debt collector's violation of the State Act, the legislature would have included a provision stating as much in §2270.4(b)(1)-(6).  Neither the parties nor the Court have located any case law addressing this issue.

However, according to the Pennsylvania Supreme Court, statutes enacted in the Commonwealth are not be interpreted as abrogating common law principles in the absence of an express declaration by the legislature to that effect. *See In re Rodriguez*, 587 Pa. 408, 414-415, 900 A.2d 341, 344-45 (2003).  Applying this principle of statutory construction to the State Act, the Court concludes that if the state legislature has intended to abrogate the common law principles of vicarious liability with regard to the State Act, it would have expressly done so.  Since it did not, the Court must assume

---

[8](...continued)
        subject debt and has knowledge of or can readily ascertain such attorney's name and address, not communicate with any person other than that attorney unless the attorney fails to respond within a reasonable period of time to communication from the creditor.

73 P.S. §2270.4(b)(1).

that those principles still apply. In other words, since the Pennsylvania Legislature did not expressly state that common law principles of vicarious liability are inapplicable to the State Act, it must be interpreted as allowing an entity, under proper circumstances, to be held vicariously liable for another's violation of it.

### *Analysis of Plaintiffs' Proposed Amendment*

As noted above, Plaintiffs seek to amend their complaint to allege that BofA is liable for CIRM's alleged violation of the State Act.[9] As their legal basis for such liability, Plaintiffs cite to §2270.5(a) of the State Act which provides:

> If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of the .... Unfair Trade Practices and Consumer Protection Law.

73 P.S. § 2270.5(a). Significantly, Plaintiffs' proposed amended complaint contains no

---

[9] As proposed, Count III would allege the following:

> 18. All of the allegations of paragraphs 1 through 17 are incorporated herein by reference.
>
> 19. CIRM violated the [State Act, namely the] Pennsylvania Fair Credit Extension Act .... 73 P.S. § 2270.4(a) by violating the [Federal Act].
>
> 20. [BofA] is liable for the actions of CIRM on its behalf.
>
> WHEREFORE, [BofA] and CIRM are liable to the Plaintiffs in the sum of the actual damages to the Debtor and the Husband, statutory damages, and costs and attorneys' fees, pursuant to 73 P.S. § 2270.5.

Proposed Amended Complaint, Count III.

16

allegations that BofA engaged in any "unfair or deceptive debt collection act or practice" under the State Act. Therefore, Plaintiffs have failed to state a claim against BofA based on the State Act.

However, at the hearing on this matter, a colloquy ensued about whether BoFA could be held vicariously liable pursuant to Pennsylvania common law (*e.g.*, the law of agency) for CIRM's alleged violation of the State Act. *See Transcript* at 9-16. Based on the Court's conclusion as stated above, namely that the State Act did not abrogate common law principles of vicarious liability, it *may* be possible for Plaintiff to assert a claim against BofA for CIRM's violation of the Act. However, Plaintiffs have not alleged vicarious liability in their amendment to Count III. While they alleged in their complaint that CIRM was "employed by" BofA and that CIRM was "acting on behalf of" BofA in contacting Debtor to collect on her BofA account, *see Complaint* ¶¶ 1 & 6, there are no allegations in the complaint that provide a nexus between BofA and CIRM's alleged misconduct (*e.g.*, control, knowledge, etc.,). Consequently, based upon the standard enunciated in *Twombly*, Plaintiffs' allegations are insufficient to assert a claim against BofA for vicarious liability. *See, e.g., Marrone v. Green*, 2009 WL 605899, at *3 (E.D. Pa. March 10, 2009) (ruling that the allegations in the complaint did not establish an agency relationship because there was no allegation of control over the defendant); *Johnson v. Chase Manhattan Bank*, 2007 WL 2033833, at *6-7 (E.D. Pa. July 11, 2007) (dismissing claim for failure to sufficiently plead an agency relationship). *See also Shulick v. DeGroat*, 2005 WL 1384574, at *5 (Pa. Com. Pl. June 7, 2005) (examining pleading purportedly alleging vicarious liability under Pennsylvania law). Moreover,

Plaintiffs' citation to §2270.5(a) of the State Act as the basis for their right to relief in Count III belies their assertion that Count III, as proposed, even purports to assert a claim against BofA based on vicarious liability.

Therefore, Plaintiffs' proposed amendment to Count III is futile; it would not withstand a motion to dismiss under Rule 12(b)(6). Consequently, the request to amend in this regard shall be denied.

### Summary

BofA's motion to dismiss shall be denied. Plaintiffs motion for leave to amend their complaint shall be granted in part. Plaintiffs shall be permitted to amend their complaint to assert that Mr. Howe transferred the $20,000, which he withdrew from his pension account, to entireties property before the Debtor utilized the funds to make a $20,000 payment to CIRM on her BofA account. Plaintiffs shall not be permitted to amend their complaint to allege that BofA is liable for CIRM's alleged violation of the State Act.

An Order consistent with this Opinion shall be issued.

By the Court:

_____
Stephen Raslavich
Chief U.S. Bankruptcy Judge

Dated: July 2, 2009